GEORGE R. LAWRENCE, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30860.)

Court of Claims, January 14, 1952.

*Allan L. Gurley* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*George Davis* of counsel), for defendant.

GORMAN, J. On September 13, 1950, at about 1:00 A.M., daylight saving time, an automobile driven by the claimant was traveling south from Norwood to Potsdam on Route 56. The highway was under reconstruction by the State but two-way traffic was allowed. The New York Central Railroad crosses Route 56 at grade, about three miles north of Potsdam, New York. At a point some twenty feet south of the tracks, the claimant's car struck a hole in the highway pavement and was thrown to the left where it collided with a north bound vehicle. The hole had been created by State employees in removing an

old railroad tie which was embedded in the roadway. The resulting depression extended from the west shoulder into the macadam at least two feet and was about one foot in depth. It had been filled with crushed stone, cinders and crusher dust at various times by State employees. Action of fast moving traffic soon kicked out much of such material. This situation had existed for about ten days prior to the accident and was a cause of danger of sufficient magnitude to warn a reasonably careful person of a peril general to traffic. The methods used by the State in repairing and maintaining the highway were inadequate under the circumstances. There were no warning signs or other devices to give notice of the dangerous condition existing on the night of the accident. The failure of the State of New York to rectify the situation or to warn the claimant constituted negligence which was the sole proximate cause of the accident. Those charged with the maintenance of highways are under a duty to safeguard the traveling public while a highway is undergoing repair. (*Miller* v. *State of New York,* 137 Misc. 768, affd. 231 App. Div. 363.)

Claimant suffered a fracture of the left femur, lacerations of the face and contusions of the chest with two fractured ribs, also a large, irregular scar on the left side of his face which is permanent and disfiguring. He was in the hospital for seven weeks and incurred medical expenses amounting to $556.77. The fifty-six-year-old claimant had a previous history of osteomyelitis, fracture and permanent shortening of the same leg. A fracture of the same bone in 1946 had failed to unite and a plate had been inserted without a satisfactory result. The injuries received in the instant case, apparently, bear no immediate relationship to his previous condition. From a medical standpoint he had a 100% disability of the left leg prior to the accident.

The claimant is entitled to an award against the State of New York in the sum of $3,600. Findings in accordance with the above opinion may be submitted within fifteen days from the date of filing hereof, otherwise this memorandum will be considered the decision herein.

Let judgment be entered accordingly.